IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **DAVID WILSON,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**WERNER ENTERPRISES, INC.**<br>**and KELLY WALKER,**<br><br>   **Defendants.** | CIVIL ACTION FILE NO.<br><br>_____<br><br>**REMOVED FROM SUPERIOR COURT OF WALTON COUNTY, GEORGIA**<br>**CIVIL ACTION FILE NO. SUCV2023000728**<br><br>*Jury Trial Demanded* |

## DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT AND BRIEF IN SUPPORT

COME NOW, **WERNER ENTERPRISES, INC.** ("Defendant Werner") and **KELLY WALKER** ("Defendant Walker"), (hereinafter "Defendants"), and file this their Notice of Removal to United States District Court and Brief in Support ("Notice of Removal"), pursuant to 28 U.S.C. §§ 1441 and 1446, and shows this Honorable Court as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff David Wilson (hereinafter "Plaintiff"), a Georgia resident and citizen, filed this action in the Superior Court of Walton County, on May 16, 2023, against Defendant Werner Enterprises, Inc. and Defendant Kelly Walker. That action is

-1-

designated in that court as Civil Action File No.: SUCV2023000728. A true and correct copy of Plaintiff's Complaint is included in the State Court file and attached hereto as Exhibit "A."

Plaintiff's Complaint, *inter alia,* alleges that Defendants are liable to Plaintiff for their allegedly negligent actions that caused Plaintiff's injuries in connection with an accident which occurred on February 9, 2023. (See Pl. Compl., Ex. "A," generally). The action described above is a civil action with a claim over which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441 et seq. Further, there is complete diversity between Plaintiff and Defendants, as required by 28 U.S.C. § 1332.

The Parties were not residents of the same state at the time of filing of the Complaint, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as statutorily required. See 28 §§ 1332 and 1441 et seq. Defendants represent to this Honorable Court that true and correct copies of all process, pleadings, and orders served by or upon Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a). (See State Court Pleadings – Summons and Complaint, CAFN: SUCV2023000728, Ex. "A"). Defendants further represent to this Court that there are no other process, pleadings or orders

properly served upon Defendants to date in this case that have not been attached hereto.

Defendants represent to this Honorable Court that written notice of the filing of Defendants' Notice of Removal and a copy of Defendants' Notice of Removal have been served upon Plaintiff, by and through his counsel of record, contemporaneous with this filing. (*See* Notice of Removal, filed with the Clerk of Court, Superior Court of Walton County, Georgia, attached hereto as Exhibit "B"). The United States District Court for the Middle District of Georgia – Athens Division, is the court and division embracing the place where this action is pending in state court. See 28 U.S.C. § 1441(a). No Defendants heretofore have sought similar relief in this action.

Defendant Kelly Walker was served on May 22, 2023. (See Affidavit of Compliance for Service of Process, and corresponding FedEx Receipt of Service for Defendant Kelly Walker, attached hereto as Exhibits "C" and "D," respectively). Defendant Werner has yet to be served. Pursuant to 28 U.S.C. § 1446, the Defendants have sought removal within thirty (30) days from the moment the action became removable.

### **LEGAL ARGUMENT AND CITATION OF AUTHORITY**

A. **This Court has Original Jurisdiction of this Cause of Action Pursuant to 28 U.S.C. § 1332 and this Cause of Action is Removable According to 28 U.S.C. § 1441.**

This action is properly removable under 28 U.S.C. § 1441(a) and (b) because

the United States District Court for the Middle District of Georgia – Athens Division has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part: "[t]he District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between – (1) Citizens of different states." 28 U.S.C. § 1332(a).

**1.    THERE IS COMPLETE DIVERSITY**

All parties to this action are completely diverse. Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action has commenced. Oh v. Ford Motor Co., 79 F. Supp. 2d 1375, 1377 (.D. Ga. 1999) (citing Mann v. City of Tucson, Dept. of Police, 782 F.2d 790, 794 (9th Cir. 1986)).

At the time of filing his Complaint, Plaintiff was a resident, and thus, a citizen of Georgia. See Gilbert v. David, 235 U.S. 561, 569 (1915)("If the plaintiff is domiciled in [a particular state], he is a citizen of that state within the meaning of the Judicial Code."). See also Pl.'s Compl., Ex. "A," ¶ 1. Therefore, Plaintiff is a citizen of Georgia.

Defendant Walker was, at the commencement of this action, and at all times since, a citizen of the State of Alabama. (See subject Police Report, attached hereto

as Exhibit "E"). See also Gilbert v. David, 235 U.S. 561, 569 (1915). Therefore, Defendant Walker is a citizen of Alabama. Id.

Defendant Werner is now, and was at the commencement of this action, a foreign corporation, authorized to do business in Georgia and organized and existing under the laws of the State of Nebraska with its principal place of business in Nebraska. (See Georgia Secretary of State Records, attached hereto as Exhibit "F"). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1132(c). Accordingly, Defendant Werner is a citizen of Nebraska. Id.

Therefore, complete diversity exists in this cause of action between Plaintiff and all Defendants, and therefore, this case is removable under 28 U.S.C. § 1332.

### 2. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

There is evidence to establish that Plaintiff is seeking damages in excess of Seventy-Five Thousand Dollars ($75,000). Plaintiff's Complaint seeks compensation for substantial injuries and damages including medical expenses, lost wages, and mental and physical pain and suffering. (Pl. Compl. ¶¶ 34-37). Where a plaintiff has made an unspecified demand for damages, as in this case, a removing defendant must prove only by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Evidence offered in support of removal can

consist of factual allegations, "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) ("a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."). Furthermore, courts may use their "judicial experience and common sense" in determining whether the case meets federal jurisdictional requirements. Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010).

When determining if the defendant has satisfied its burden, the presiding court will first consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010) (citing 16 James Wm. Moore, et al., Moore's Federal Practice § 107.14[2][g]. at 10-86.4 to 107-86.5 (3d ed. 2010)). "If not, the court may consider facts alleged in the notice of removal, judicial admissions made by plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." Id. (quoting 16 James Wm. Moore, et al., Moore's Federal Practice § 107.14[2][g]. at 10-86.4 to 107-86.5 (3d ed. 2010).

On June 12, 2023, Defense counsel corresponded with Plaintiff's counsel via electronic mail, inquiring whether Plaintiff was seeking damages in excess of $75,000. (See Email correspondence between Plaintiff's counsel and Defense,

attached hereto as Exhibit "G"). Plaintiff's counsel replied that Plaintiff was seeking damages in excess of $75,000, and that Plaintiff did not object to removal. Id. Therefore, there are facts to a legal certainty to support that the amount in controversy exceeds the jurisdictional requirement. Plaintiff's own factual allegations, combined with reasonable deductions, inferences, and extrapolations, prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. Accordingly, because the parties are completely diverse and the amount in controversy exceeds the statutory requirement, this case may be removed to the United States District Court for the Middle District of Georgia – Athens Division.

## **CONCLUSION**

There is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. § 1446, the Defendants have sought removal within thirty (30) days from the moment the action became removable and, therefore, this Court has the authority to accept jurisdiction of this case pursuant to 28 U.S.C. §§ 1332 and 1446.

This __21st__ day of June, 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC

                                                    Georgia Bar No. 473114
                                                    *Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **DAVID WILSON,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**WERNER ENTERPRISES, INC. and KELLY WALKER,**<br><br>    **Defendants.** | CIVIL ACTION FILE NO.<br><br>_____<br><br>**REMOVED FROM SUPERIOR COURT OF WALTON COUNTY, GEORGIA**<br>**CIVIL ACTION FILE NO. SUCV2023000728** |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Parker Green
Morgan & Morgan
178 S. Main Street, Suite 300
Alpharetta, GA 30009
pgreen@forthepeople.com

This  21st  day of June, 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Sandro Stojanovic*
SCOTT H. MOULTON
Georgia Bar No. 974237
SANDRO STOJANOVIC

                                                                                                    Georgia Bar No. 473114
                                                                                                     *Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
sandro.stojanovic@qpwblaw.com